### No. 27
### DETROIT, TOL. & IRON. RD. CO. v. BEACH

Ohio Appeals, 3rd Dist., Allen Co.

No. 430.   Decided Oct. 30, 1925

829. NEGLIGENCE—No presumption of contributory negligence on part of plaintiff if she used ordinary care in looking and listening for warning at railroad crossing.

WARDEN, J.

Emma Beach sued the Detroit, Toledo, and Ironton Rd. Company in the Allen Common Pleas to recover damages resulting in an accident at one of the Company's crossings. Beach charged negligence in the following particulars: The engine was backed at a dangerous rate of speed, about 30 miles per hour; that their was a failure to give statutory warnings either by whistle or bell, of the approach of the engine; that the company failed to station a person at the crossing to warn passers-by of the approach of engine; and that a number of high coal cars were standing in the tracks which obstructed the view of passers-by.

The answer of the Company admitted the collision, denied the negligence on its part and charged negligence on part of Mrs. Beach and also concurrent negligence of her husband who was driving the car at the time. Judgment was rendered in favor of Mrs. Beach.

Error was prosecuted and error was claimed in the courts refusing to direct a verdict for the Company; in refusing to give request number four; and error in courts charge. It was claimed that the evidence given by Mrs. Beach raised a presumption of contributory negligence on her part which she failed to overcome. The Court of Appeals held:

1. It cannot be said that her evidence raised a presumption of contributory, for if she used ordinary care for her own safety, and looked and listened upon approaching the crossing and failed to see or hear anything which would warn her of an approaching train, this presumption does not arise.

2. Since there was evidence tending to prove every essential fact necessary to entitle Mrs. Beach to recover, she was entitled to have the case submitted to the jury under proper instructions. Grimm v. Girard (Village), 88 OS. 34.

3. The court correctly refused to give charge number four of the company because of its failure to state therein that the negligence complained of by it "directly" or "proximately" contributed to the injury. Chesrown v. Bevier, 101 OS. 282.

4. The courts charge was substantially that if the jury found the defendant company was negligent in on or more of the particulars complained of in the petition by a preponderance of the evidence, and such negligence was the proximate cause of the injury, Mrs. Beach could recover.

5. It was contended by the Company that inasmuch as Mrs. Beach's testimony established beyond controversy that its failure to station a rider on the engine to warn passersby could not have been a factor in causing the accident, it was error for the court to submit this claim of negligence to the jury.

6. Under the evidence there was room for reasonable minds to reach different conclusions upon each claim of negligence set forth; and therefore the court did not err in its charge.

Judgment affirmed.

Attorneys—W. H. Leete and J. M. Cahill for Railroad Co.; Roby and Jackson for Beach; all of Lima.